UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NORMA PELLOT,<br>    *Plaintiff*<br><br>v.<br><br><br>DOLLAR TREE STORES, INC.<br>    *Defendant/third party plaintiff*<br><br>v.<br><br>ZEPHYR SOLUTIONS, LLC<br>    *third party defendant* | CIVIL ACTION NO.:<br>3:23-cv-565<br><br>Motion for Leave to file third party complaint granted 6/15/2023 |

### DOLLAR TREE STORES, INC.'S THIRD-PARTY COMPLAINT
### AGAINST ZEPHYR SOLUTIONS, LLC

1. Defendant/Third-Party Plaintiff Dollar Tree Store, Inc. ("Dollar Tree Store" or "Third Party Plaintiff") is a foreign corporation with a principal place of business in Chesapeake, Virginia.

2. Upon information and belief, Third-Party Defendant Zephyr Solutions, LLC ("Zephyr") is a foreign limited liability company with a principal place of business in Avon, Ohio.

3. Plaintiff Norma Pellot ("Plaintiff") has filed a Complaint against Dollar Tree Store, a copy of which is attached hereto as *Exhibit A* ("Plaintiff's Complaint").

4. Plaintiff's Complaint alleges that on or about June 16, 2022, she was helping to fill helium balloons at Dollar Tree Stores' retail store located at 330 Connecticut Avenue, Suite 7, Norwalk, Connecticut when the helium tank spout exploded ("incident"). As a result, Plaintiff allegedly sustained injuries and damages.

5. At all times relevant to Plaintiff's Complaint, Zephyr was the entity that provided the helium talk spout/cylinder cap to the subject Dollar Tree Store.

6. If the incident occurred as plaintiff claims it did, then it likely occurred due to a defect in the helium tank spout or a failure of the product to properly and easily affix to the helium tank, causing said incident.

**Count I: Express/Contractual Indemnification against Zephyr Solutions, LLC**

7. Third Party Plaintiff repeats, reavers and incorporates by reference herein, paragraphs 1 through 6 of its Third-Party Complaint.

8. Dollar Tree Stores had entered into an Agreement ("Agreement") with Zephyr, dated December 20, 2019. This Agreement was in full force and effect at the time of the incident.

9. The subject Dollar Tree Store (Store #3794) made an equipment request regarding the helium tank regulator to Zephyr on January 14, 2022.

10. Pursuant to the Agreement between Dollar Tree Stores and Zephyr, Zephyr agreed to indemnify and hold harmless Dollar Tree Stores, Inc. and its affiliates and subsidiaries from and against any claim based on personal injury arising out of or in connection with any breach of warranty or defect in any cylinder or cylinder cap, including those alleged in Plaintiff's Complaint.

11. Zephyr is liable for any and all damages arising out of the incident as alleged in Plaintiff's Complaint pursuant to the Agreement's indemnity provision.

12. As a result, Third Party Plaintiff has and may in the future continue to suffer damages, including but not limited to attorney's fees and other costs in the defense of the claims asserted by Plaintiff.

WHEREFORE, Third Party Plaintiff demands judgment in its favor against Zephyr with respect to any damages or judgments that may be recovered against Third Party Plaintiff together with its costs and attorneys' fees and expenses incurred in defending Plaintiff's claim and in prosecuting this third-party claim.

**Count II: Breach of Contract against Zephyr Solutions, LLC**

13. Third Party Plaintiff repeats, reavers and incorporates by reference herein, paragraphs 1 through 10 of its Third-Party Complaint.

14. Zephyr agreed to provide helium regulators for Dollar Tree Stores' retail store located at 330 Connecticut Avenue, Suite 7, Norwalk, Connecticut, pursuant to the Agreement between Third Party Plaintiff and Zephyr.

15. To date, Zephyr has not defended and indemnified Third Party Plaintiff as required pursuant to the language of the Agreement.

16. Further, Zephyr also breached the Agreement by failing to ensure that Third Party Plaintiff were listed as an additional insureds on its insurance policies to provide a defense and indemnity for claims such as the present one made by Plaintiff.

17. As a result, Third Party Plaintiff has and may in the future continue to suffer damages, including but not limited to attorney's fees and other costs in the defense of the claims asserted by Plaintiff.

WHEREFORE, Third Party Plaintiff demands judgment in its favor against Zephyr with respect to any damages or judgments that may be recovered against Third Party Plaintiff together with its costs and attorneys' fees and expenses incurred in defending Plaintiff's claim and in prosecuting this third-party claim.

**Count III: Implied Indemnification against Zephyr Solutions, LLC**

18. Third Party Plaintiff repeats, reavers and incorporates by reference herein, paragraphs 1 through 14 of its Third-Party Complaint.

19. Zephyr was responsible for providing helium regulators at the subject location on June 16, 2022.

20. If the incident occurred as plaintiff contends it did, then Zephyr is liable for all damages arising out of the incident as alleged in Plaintiff's Complaint since Zephyr is liable for the helium regulators and Dollar Tree Stores is the innocent party and would be able to claim indemnification.

21. As a result, Third Party Plaintiff has and may in the future continue to suffer damages, including but not limited to attorney's fees and other costs in the defense of the claims asserted by Plaintiff.

WHEREFORE, Third Party Plaintiff demands judgment in its favor against Zephyr with respect to any damages or judgments that may be recovered against Third Party Plaintiff together with its costs and attorneys' fees and expenses incurred in defending Plaintiff's claim and in prosecuting this third-party claim.

**Count IV:  Contribution**

22. Third Party Plaintiff repeats, reavers and incorporates by reference herein, paragraphs 1 through 21 of its Third-Party Complaint.

23. If the incident occurred as plaintiff contends it did, then Zephyr's negligence was a contributing cause to the accident and it should pay its share in regard to any and all damages arising in this case.

WHEREFORE, Third Party Plaintiff demands judgment in its favor against Zephyr with respect to any damages or judgments that may be recovered against Third Party Plaintiff together

with its costs and attorneys' fees and expenses incurred in defending Plaintiff's claim and in prosecuting this third-party claim.

**Count V:  Apportionment**

24. Third Party Plaintiff repeats, reavers and incorporates by reference herein, paragraphs 1 through 23 of its Third-Party Complaint.

25. If the incident occurred as plaintiff contends it did, then Zephyr failed to warn users of a danger that could cause

WHEREFORE, Third Party Plaintiff demands judgment in its favor against Zephyr with respect to any damages or judgments that may be recovered against Third Party Plaintiff together with its costs and attorneys' fees and expenses incurred in defending Plaintiff's claim and in prosecuting this third-party claim.

**COUNT VI: BREACH OF IMPLIED WARRANTY OF FITNESS FOR ORDINARY PURPOSE UNDER GENERAL STATUTES § 42a-2-314.**

26. Third Party Plaintiff repeats and reasserts paragraphs 1 through 25 as if fully set forth herein.

27. The ordinary purpose of the nozzles sold by Zephyr is for the distribution of helium.

28. Dollar Tree Stores purchased these nozzles from Zephyr.

29. The nozzles were designed, manufactured and distributed by Zephyr.

30. If the helium tank nozzle was defective, Zephyr breached the warranty by designing or manufacturing a defective helium tank nozzle.

31. If the helium tank nozzle was defective, Plaintiff was injured by the nozzle that was designed, manufactured, and distributed by If the helium tank nozzle was defective

32. If the helium tank nozzle was defective, then Zephyr breached an implied warranty of fitness for its ordinary purposes.

5

33. Therefore, Zephyr is or may be liable to Dollar Tree Stores for all or part of the plaintiff's claim against the defendant Dollar Tree Stores. This element constitutes damages arising from Zephyr's breach.

34. Such a breach requires Zephyr to indemnify Dollar Tree Stores for any damages incurred as a result of Zephyr's breach.

WHEREFORE, Third Party Plaintiff demands judgment in its favor against Zephyr with respect to any damages or judgments that may be recovered against Third Party Plaintiff together with its costs and attorneys' fees and expenses incurred in defending Plaintiff's claim and in prosecuting this third-party claim.

WHEREFORE, Third Party Plaintiff demands:

1) An Order that Third Party Defendant is responsible for reasonable attorney's fees that they have incurred and will incur in the defense of this matter; and

2) Judgment in their favor against Zephyr with respect to any damages or judgments that may be recovered against Third Party Plaintiff together with its costs and attorneys' fees and expenses incurred in defending Plaintiff's claim and in prosecuting this third-party claim.

3) An Order holding the Third Party Defendant responsible for contribution to any judgment in favor of plaintiff in this case.

Respectfully submitted,

Defendant/Third-Party Plaintiff,
DOLLAR TREE STORES, INC.

By its attorneys,

*/e/ Courtney Hay*
Kevin J. O'Leary, ct30271
Courtney Hays, ct31062
Coughlin Betke LLP
100 Pearl Street, 14th Floor
Hartford, CT 06103

MAILING ADDRESS
175 Federal Street
Boston, MA 02110
(617) 988-8050
koleary@coughlinbetke.com
chays@coughlinbetke.com

## CERTIFICATE OF SERVICE

I, Courtney Hays, hereby certify that I have mailed a copy of this document to the following parties of record this 26th day of June, 2023 via electronic mail.

Michael E. Skiber, Esq.
Law Office of Michael E. Skiber
152 East Avenue
Norwalk, CT 06851
attys@skiberlaw.com

*/e/ Courtney Hays*
Courtney Hays, Esq. (ct31062)