**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| NORMA PELLOT, | : | |
| Plaintiff | : | |
| vs. | : | Civil Action No.: 3:23-cv-565-MPS |
| DOLLAR TREE STORES, INC., | : | |
| Defendant/Third Party Plaintiff | : | SEPTEMBER 1, 2023 |
| ZEPHYR SOLUTIONS, LLC | : | |
| Third-Party Defendant | : | |

**THIRD-PARTY DEFENDANT ZEPHYR SOLUTIONS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

The third-party defendant, Zephyr Solutions, LLC ("Zephyr"), hereby moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to render judgment in its favor as to that portion of the Third-Party Complaint of the Third-Party Plaintiff, Dollar Tree Stores, Inc. ("Dollar Tree"), asserting claims of contribution and apportionment against it on the ground that Dollar Tree has failed to state a claim upon which relief can be granted.

**I.     BACKGROUND**

On September 16, 2022, the plaintiff, Norma Pellot, filed a Complaint against Dollar Tree containing a single count sounding in negligence. In her Complaint, the plaintiff alleges that on or about June 16, 2022, she was a customer at the Dollar Tree located at 330 Connecticut Avenue, Suite 7 in Norwalk, Connecticut ("store"), and was shopping for helium-filled balloons. (Comp., ¶ 3-4). While the plaintiff was shopping, agents, servants, and/or employees of Dollar Tree instructed and allowed her to assist them with the filling

1

of balloons with helium from the store's helium tank. (Comp., ¶ 5). While the plaintiff was using the store's helium tank, the tank spout exploded, thereby injuring her. (Comp., ¶ 6).

On June 26, 2023, Dollar Tree filed a Third-party Complaint against Zephyr. Dollar Tree's Third-Party Complaint containing six counts, sounding in (1) express/contractual indemnification, (2) breach of contract, (3) implied indemnification, (4) contribution, (5) apportionment, and (6) breach of implied warranty of fitness for ordinary purpose under Conn. Gen. Stat. § 42a-2-314. According to Dollar Tree, Zephyr provided the helium tank spout that caused the plaintiff's injuries, and these injuries resulted from a defect or failure associated with the spout. (Third Party Comp., ¶ 5-6).

II. **LAW AND ARGUMENT**

    A. **LEGAL STANDARD**

"A Rule 12(b)(6) motion tests only the adequacy of the complaint." *United States v. City of New York*, 359 F.3d 83, 88 (2d Cir. 2004). "A complaint may not be dismissed under Rule 12(b)(6) unless it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Bernheim v. Litt*, 79 F.3d 318, 321 (2.d Cir. 1996). In addressing a motion to dismiss, a court "accept[s] all of the complaint's factual allegations as true and draw[s] all reasonable inferences in [the plaintiff's] favor." *Conn. Gen. Life Ins. Co. v. BioHealth Laboratories, Inc.*, 988 F.3d 127 (2d Cir. 2021) (quoting *Thea v. Kleinhandler*, 807F.3d 492, 501 (2d Cir. 2015)). "To survive dismissal, [a] plaintiff must provide the grounds upon which his [or her] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Comm. Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*. 550 U.S. 544, 555 (2007)).

**B.    COUNTS FOUR AND FIVE OF DOLLAR TREE'S THIRD-PARTY COMPLAINT FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

### 1. Count Four – Contribution

In Count Four of its Third-Party Complaint, Dollar Tree asserts a claim against Zephyr sounding in contribution. Under Connecticut law, however, such a claim is not cognizable. Therefore, Count Four of Dollar Tree's Third-Party Complaint fails to state a claim upon which relief may be granted.

"The right of action for contribution, which is equitable in origin, arises when, as between multiple parties jointly bound to pay a sum of money, one party is compelled to pay the entire sum. That party may then assert a right of contribution against the others for their proportionate share of the common obligation." *Hanover Ins. Co. v. Fireman's Fund Ins. Co.*, 586 A.2d 567, 574 (Conn. 1991). This means that a claim for contribution does not arise until *after* a defendant has been compelled to pay a sum of money. In the present case, final judgment has not been rendered, liability has not been determined, and Dollar Tree has not been compelled to pay a sum of money to the plaintiff. Therefore, there are no facts that Dollar Tree can allege at this time to support a claim of contribution. Accordingly, Count Four of Dollar Tree's Third-Party Complaint should be dismissed.

### 2. Count Five – Apportionment

In Count Five of its Third-Party Complaint, Dollar Tree asserts a claim against Zephyr sounding in apportionment. Under Connecticut law, however, such a claim is not cognizable. Therefore, Count Five of Dollar Tree's Third-Party Complaint fails to state a claim upon which relief may be granted.

Conn. Gen. Stat. § 52-572h(f) provides: "The jury or, if there is no jury, the court shall specify: (1) The amount of economic damages; (2) the amount of noneconomic damages; (3) any findings of fact necessary for the court to specify recoverable economic damages and recoverable noneconomic damages; (4) the percentage of negligence that proximately caused the injury, death or damage to property in relation to one hundred per cent, that is attributable to each party whose negligence actions were a proximate cause of the injury, death or damage to property including settled or released persons under subsection (n) of this section; and (5) the percentage of such negligence attributable to the claimant." Additionally, Conn. Gen. Stat. § 52-572h(o) provides, in relevant part: "[T]here shall be no apportionment of liability or damages between parties liable for negligence and parties liable on any basis other than negligence."

Accordingly, based on the above, there are two clear issues with Dollar Tree's claim of apportionment. First, apportionment is properly determined by a finding of fact at the time of judgment. Second, apportionment of liability applies only to parties who are liable in negligence. Zephyr is not a party to the plaintiff's underlying suit—it is only a third-party defendant. Additionally, even if the timing for apportionment was proper and Zephyr was an apportionment defendant, no liability could be apportioned onto it because no claims of negligence have been asserted against it. Therefore, Count Five of Dollar Tree's Third-Party Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### III.  CONCLUSION

Based on the above, Counts Four and Five of Dollar Tree's Third-Party Complaint fail to state claim upon which relief can be granted. Accordingly, Zephyr's Motion to

4

Dismiss Counts Four and Five of Dollar Tree's Third-Party Complaint should be granted.

        Respectfully submitted,

THIRD-PARTY DEFENDANT,
ZEPHYR SOLUTIONS, LLC

By: /s/ Matthew G. Conway ct09612
Matthew G. Conway, ct09612
Conway Stoughton LLC
641 Farmington Avenue
Hartford, CT 06105
Phone: (860) 523-8000
Fax: (860) 523-8002
E-Mail: mconway@conwaystoughton.com

## **CERTIFICATION**

    I hereby certify that on September 1, 2023, a copy of the foregoing Memorandum of Law in Support of Motion to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                       /s/ <u>Matthew G. Conway ct09612</u>
                                                       Matthew G. Conway, ct09612