UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NORMA PELLOT,
    *Plaintiff*,

v.

DOLLAR TREE STORES, INC.,
    *Defendant*.

No. 3:23-cv-00565-MPS

**RULING ON MOTION FOR LEAVE TO AMEND COMPLAINT
AND MOTION TO REMAND**

Plaintiff Norma Pellot filed her initial Complaint in Connecticut state court alleging that defendant Dollar Tree Stores, Inc. ("Dollar Tree Stores") negligently caused her injuries. Dollar Tree Stores removed the case to this Court on the basis of diversity jurisdiction. Pellot now moves (1) for leave to amend the complaint to join two Dollar Tree Stores employees as defendants, and (2) to remand the case to state court. Because I find that Pellot may amend her complaint to join the employee defendants and because the addition of these defendants destroys the Court's subject matter jurisdiction, I GRANT both the motion for leave to amend and the motion to remand.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

These factual allegations related to the plaintiff's negligence claims are taken from the proposed amended complaint, ECF No. 25-2.

Norma Pellot resides in East Haven, Connecticut. ECF No. 25-2 at 1. On June 16, 2022, she was shopping for helium-filled balloons at Dollar Tree Stores, a foreign corporation with a store located in Norwalk Connecticut. *Id.* Pellot alleges that while she was at Dollar Tree Stores, Krystal Booth, a cashier employed by Dollar Tree Stores, "instructed and allowed" Pellot to assist her with filling balloons with helium from the store's helium tank. *Id.* at 2–3. Booth is a resident of Norwalk, Connecticut. *Id.* at 3. Assistant manager Tiasia Brown, a resident of Norwalk,

1

Connecticut, was also working at the time of the incident. *Id.* at 5. Pellot alleges that she was holding the helium tank's spout with her fingers when the tank exploded and injured her left thumb, hand, upper arm, and forearm. *Id.* at 2.

On September 16, 2022, Pellot filed a complaint in state court alleging that Dollar Tree Stores negligently caused her injuries. ECF No. 1-1 at 3. During the discovery process, Pellot sent an interrogatory requesting Dollar Tree Stores to "[s]tate the names and addresses of all persons known to you who were present at the time of the incident alleged in the Complaint or who observed or witnessed all or part of the incident." ECF No. 25-1 at 3. On April 5, 2023, Dollar Tree Stores responded that "Defendant is not aware of any witnesses to the alleged incident other than Plaintiff and Defendant employee Krystal Booth, and/or other employee(s)." *Id.* Dollar Tree Stores did not provide Booth's address, nor did it provide the names of the "other employees" referenced. *Id.* On May 4, 2023, Dollar Tree Stores removed the case to this Court on the basis of diversity jurisdiction. *Id.* at 4. Pellot sent several discovery requests for Booth's address and the name and address of the store manager present on the day of the incident, but Dollar Tree Stores did not provide Booth's address and Brown's name and address until June 23, 2023. *Id.* at 3–4.

On June 30, 2023, Pellot filed the pending motion for leave to amend her complaint under Fed R. Civ. P. 15(a)(2) to join Booth and Brown, both Connecticut citizens, as defendants. ECF No. 25 at 1. On the same day, Pellot filed a motion to remand the matter to state court because joinder of Booth and Brown as defendants would destroy diversity jurisdiction. ECF No. 26 at 1. On July 21, 2023, Dollar Tree Stores filed an opposition to Pellot's motion for leave to amend the complaint, ECF No. 27, and an opposition to Pellot's motion to remand, ECF No. 28.

**II.     LEGAL STANDARDS**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). As noted, Dollar Tree Stores removed this case from state court on the basis of diversity jurisdiction, which "requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants." *Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014). Fed. R. Civ. P. 20 permits joinder of multiple defendants in one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences, and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

III.   DISCUSSION

   A.   **Motion for Leave to Amend and Join**

Dollar Tree Stores argues that I should deny Pellot's motion for leave to amend her complaint because (1) her proposed amendments fail to comport with the requirements of section 1447(e) and (2) her amendments are an impermissible attempt to fraudulently join non-diverse defendants to defeat diversity jurisdiction. ECF No. 27 at 8–10.

      1.   **Section 1447(e)**

"Joinder of a non-diverse defendant is appropriate only if amendment satisfies Federal Rule of Civil Procedure 20 and remand under Section 1447(e) would comport with the principles of fundamental fairness." *Wilmington Sav. Fund Soc'y, FSB v. Universitas Educ., LLC*, 164 F. Supp. 3d 273, 288 (D. Conn. 2016) (internal quotation marks omitted). Fundamental fairness, in this context, requires consideration of "(1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's

3

motivation for the amendment." *Collins v. Kohl's Dep't Stores, Inc.*, 2004 WL 1944027, at *2 (D. Conn. Aug. 26, 2004) (internal quotation marks omitted). "Diversity-destroying joinder is permitted when the factors weigh in the moving party's favor." *Nazario v. Deere & Company*, 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003).

Dollar Tree Stores argues that Pellot "could have asserted claims against Jane Does had she wanted to," and according to Dollar Tree Stores, it is "prejudiced by Plaintiff's undue delay in seeking joinder" of Booth and Brown as Jane Does. ECF No. 27 at 8–9. But there has been no significant delay. The scheduling order required motions for joinder to be filed by July 21, 2023, ECF No. 19, and Pellot filed her motion for leave to amend before that deadline on June 30, 2023, ECF No. 25. Moreover, as Pellot explains, ECF No. 25-1 at 3–4, at least some of the time it took to join Booth and Brown stemmed from Dollar Tree Stores' failure to identify timely persons who were present at the store or had knowledge of the incident and their addresses. *See Sweeting v. Dollar Tree Stores*, *Inc.*, 2023 WL 4043918, at *5 (D. Conn. June 16, 2023) (permitting joinder where the delay in joining additional parties was due in part to the defendant's "failure to disclose those facts necessary for [the plaintiff] to formulate a claim" against the joined party). In fact, Pellot filed her motion for leave to amend and motion to remand only seven days after Dollar Tree Stores provided her with Booth's and Brown's names and addresses. *See* ECF No. 25-1 at 3–4.

In any event, Dollar Tree Stores does not point to any significant prejudice it would suffer from an order allowing the amendment. The case was originally filed in state court and, as discussed previously, there has been no undue delay. Moreover, the Federal Rules of Civil Procedure contemplate that plaintiffs may add additional defendants "as they are identified through discovery." *Gagain v. Scirpo*, 2013 WL 6839466, at *7 (D. Conn. Dec. 27, 2013). Dollar Tree Stores does not suggest that the joinder would violate Rule 20; no trial date has been set; and any

4

discovery produced while the litigation has been pending in this Court may be used in state court proceedings after remand.

The third factor – potential for multiple litigation – weighs slightly in favor of granting the motion to amend because denying Pellot's motion to amend might mean that she would bring her claims against Booth and Brown in a separate action in state court. *See Sweeting*, 2023 WL 4043918, at *5 ("Plaintiff reportedly intends to bring suit against [the non-diverse defendant]; thus, permitting the proposed amendment is preferable to the prospect of multiple lawsuits.").

Lastly, Dollar Tree Stores argues that Pellot's "motivation for amendment can only be attributed to Plaintiff's attempt to destroy diversity jurisdiction." ECF No. 27 at 8. The only evidence Dollar Tree Stores cites to support this contention is that Pellot did not join the non-diverse defendants before removal. She was unable to do so, however, because Dollar Tree Stores did not provide her with Booth's and Brown's names and addresses until after removal. *See* ECF No. 25-1 at 3–4. In any event, this fourth factor – plaintiff's motivation – cannot, upon close analysis, amount to a consideration that warrants significant weight. A plaintiff's "motivation for amendment," when considered in the context of an amendment that would destroy diversity jurisdiction, will almost inevitably be at least partially that the plaintiff would rather prosecute the case in state court. This is hardly surprising given that, in any case under section 1447(e), which addresses joinder of additional defendants "after removal," 28 U.S.C. § 1447(e), the plaintiff initially filed the case in state court and was forced to litigate in federal court instead due to the defendant's removal. So a federal court can hardly count against a plaintiff that she prefers to litigate in the forum she initially chose. To the extent that this fourth factor has some value in the analysis, then, it can only be if there is evidence that the plaintiff is seeking to join non-diverse parties it would never have joined had the litigation remained in state court. And as long as there

is a colorable basis to join the new defendants, it would be difficult for a court to make such a finding. There is, in any event, no basis for such a finding here. *See Sweeting*, 2023 WL 4043918 *5 (Connecticut law allows a plaintiff in a premise liability case to maintain negligence claims against both the company and any responsible employees).

Thus, the proposed amendment of the complaint would not violate the principles of fundamental fairness.

### 2. Fraudulent Joinder

Dollar Tree Stores also argues that Pellot's attempt to amend the complaint is an attempt fraudulently to join non-diverse defendants to defeat diversity jurisdiction. ECF No. 27 at 9–10. The Second Circuit has articulated the following standard for evaluating fraudulent joinder:

> [A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy. In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court. The defendant seeking removal bears a heavy burden of proving fraudulent joiner, and all factual and legal issues must be resolved in favor of the plaintiff.

*Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir. 1998) (internal citations and footnote omitted); *see also Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 329 (S.D.N.Y. 2007) ("[D]efendants' fraudulent joinder claim must fail because they have failed to establish by clear and convincing evidence that there is no possibility that the pleadings in the Actions can state a claim against [the non-diverse defendant]"). The issue of "whether the action must be remanded to state court . . . turns on whether there is any possibility, based on the … pleadings, that [the plaintiff] can state a cause of action against" the non-diverse parties. *Wilmington Sav. Fund Soc'y, FSB*, 164 F. Supp. 3d at 278.

Dollar Tree Stores fails to meet this exacting standard. First, it is at least possible that Pellot states plausible causes of action against Booth and Brown. Pellot alleges that Booth "was involved in instructing and allowing [Pellot] to assist with filling balloons with helium from the store's helium tank," which ultimately exploded and resulted in Pellot's injuries. ECF No. 25-2 at 4. And Pellot alleges that Brown was an Assistant Manager at the store at the time of the accident with responsibility "for the supervision of staff in connection with the sale of helium-filled balloons to customers at the store including, but not limited to, the proper implementation of store policies relating to helium tanks and the proper implementation of store policies relating to safety." *Id.* at 5. Pellot lists a litany of negligent acts that each of Booth and Brown allegedly committed resulting in her injury. *Id.* at 4, 6. Based on these factual allegations, it is at least possible that Pellot states plausible claims that Booth and Brown negligently caused or contributed to her injuries.

Further, there is no evidence of outright fraud in Pellot's proposed amended complaint. Dollar Tree Stores argues that "[o]nly after Defendant properly removed this action to the United States District Court did Plaintiff become interested in joining Defendant's employees as non-diverse parties." ECF No. 27 at 3. But, as discussed previously, Pellot requested the names and addresses of Booth and Brown before removal, suggesting that she might have joined Booth and Brown as defendants earlier if Dollar Tree Stores had provided her with the requested information sooner. *See* ECF No. 25-1 at 3–4. Dollar Tree Stores also suggests that because "[t]here is no danger that Plaintiff would receive incomplete relief if she is only permitted to pursue her claim against Defendant Dollar Tree Stores," she must be pursing joinder solely to defeat diversity jurisdiction. ECF No. 27 at 1. But this argument falls far short of the "clear and convincing evidence" of "outright fraud" required to find fraudulent joinder. Moreover, "this court specifically has recognized that Connecticut law allows a plaintiff who has been injured on a company's

7

premises to maintain a claim for negligence not only against the company itself, but also against any individual company employees who are responsible." *Sweeting*, 2023 WL 4043918, at *5 (internal quotation marks omitted). In sum, Dollar Tree Store has not demonstrated that "there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility . . . that [Pellot] can state a cause of action against the non-diverse defendant[s] in state court." *Pampillonia*, 138 F.3d at 461. Thus, I find that it has failed to meet the heavy burden of proving fraudulent joinder.

Because Dollar Tree Stores has not adequately demonstrated that Pellot's proposed amendment violates the principles of fundamental fairness or constitutes fraudulent joinder, I hold that joinder of Booth and Brown is appropriate and grant Pellot's motion for leave to amend.

### B. Motion to Remand

Because amendment and joinder are proper, I permit Pellot to join Booth and Brown as defendants in the case. Where a case is removed to district court based solely on diversity jurisdiction, the joinder of non-diverse defendants divests the court of subject matter jurisdiction and requires that the case be remanded to state court. *See, e.g.*, *Sweeting*, 2023 WL 4043918, at *5 (granting plaintiff's motions to join non-diverse defendant and remand the case to state court). Both Booth and Brown are citizens of Connecticut and are non-diverse from Pellot, so complete diversity is lacking. Thus, I find that the Court lacks subject matter jurisdiction to adjudicate Pellot's claim, and I grant Pellot's motion to remand.

### IV. CONCLUSION

For the reasons above, I GRANT the motion for leave to amend (ECF No. 25) and the motion to remand (ECF No. 26). The Clerk is instructed to close this case.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
       October 30, 2023